LYONS, Judge,
delivered the resolution of the court as follows:
The first objection taken ' to the decree was, that the court of chancery could not interfere, as the motion for a continuance had been overruled by the county court, and a verdict found, upon the merits, before a competent tribunal. ■
This makes it necessary to consider the power of a court of'equity to grant relief, where injustice has been unexpectedly done, by a judgment at law.
*The ordinary jurisdiction of the chancellor is confined to fraud, force and accident; but it is 'sometimes concurrent with the law, and occasionally affords relief, where the law gives no remedy; or judgment has been obtained from inadvertence or surprize. Heard v. Stomford, Cas. T. Talbl'174; Kent v.’Bridgman; Prec. Ch. 233. Not that it creates'a new'right in the former case, or exercises appellate jurisdiction in the latter: But, in the first, it merely gives efféct to' existing rights which the law would enforce, if its forms permitted ; and, in the second, it prevents the party, who has improperly acquired an unconscionable advantage at law; from making use of it.'
Apply these principles to the case before us.
It appears that John Banks was a material witness for the defendant, and that due diligence had been used to procure his at-tendahce, as the subpoena had been sent, in time, to the sheriff of the county where he resided, but the attempt to get him failed from his unexpected absence, which prevented the officer from serving it; and not from the fault of Lea, who lived in Philadelphia, and had not an opportunity of taking any other steps. In' this situation, the appellee’s counsel moved for a continuance of the cause, and offered reasonable terms to obtain it: But the motion was rejected, and very heavy damages assessed against him by the jury. This was plainly a surprize upon the appellant, arising from an accident, which had not been anticipated.
That, however, was not all. The counsel for the appellee, thinking the verdict was contrary to evidence, moved for a new trial, which would have afforded the court an opportunity of revising their opinion with respect to the continuance, but the motion failed from the absence of one of the justices, and ' not from any unusual, or improper, delay. For,although it was not made at the time of the verdict, 3ret that wás not material, as it was not foreseen that the members of the court would be changed, and the counsel might have had very just *729 grounds for postponing the motion until the next day.
'x'Under this view of the cause, it is impossible to say, that the trial was fair; or that the verdict ought to have stood. For the case is much stronger than that of Kent v. Bridgman, where the defendant was relieved, because he had lost the cause by failing to prove a copy of the judgment on which he relied, although it did not appear, that any accident had occurred to prevent it.
The cases of Cockran v. Street, and Hoomes v. Kuhn, do not conflict with this opinion. For the first was so far from being a case of accident, that the court expressly said, that the evidence was too slight to establish the fact of the alleged surprize: And, in the second, the defendant had not only néglected to summon one witness entirely, and sent the subpoena, (by a servant instead of the sheriff,) to the other, so late, that there was not the least probability that he Could reach the court in time; but he made no motion for a continuance, and had other witnesses who either did or might have proved the same things.
The next objection taken to the decree was, that the venue was changed from Henrico to Fredericksburg, notwithstanding the parties had consented to a trial at the former place.
But the court thinks that objection not material. A fair and impartial trial was the object; and to effect that, the chancellor was as much bound, if circumstances required it, to change the venue, as if he had directed the place himself, and found it necessary, afterwards', to change it. For it would be absurd to suppose, that when he had ordered a new trial for the purposes of justice, he was to suffer it to proceed at a place where it-could not be obtained.
There is nothing to impeach the verdict at Fredericksburg. For the parties went, voluntarily, to'trial; and'the court has certified that the testimony, on both' sides, was equal. The chancellor did right, therefore, in declaring himself satisfied, as the jury were the proper judges of the facts.
*But it was said, that the affidavits of Goode and Henry Banks laid a sufficient foundation for another trial.
The court, however, is of a different opinion. For no application was made to continue the cause on account of the absence of Goode, and there is no proof when the testimony Of Banks was discovered, except the affidavit of the appellant. But independent of those circumstances, the testimony of both of them is immaterial. For, if (which does not appear) Lea had heard the conversation between Goode and Foushee, he was not bound to attend to it, as it -was not addressed to him: And Banks relates only the hearsay declaration of Deane, who, at that time, had no agency in the business.
Upon the whole,the court are satisfied with the decree ; and it is unanimous^ affirmed.